UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARCHOS S.A.; ARCHOS, INC.,

    Plaintiffs,

vs.                      Case No.   2:05-cv-119-FtM-29SPC

SMARTDISK CORPORATION,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Motion to Enjoin Defendant Smartdisk Corporation (Doc. #20), filed April 28, 2005.  Defendant filed a Response (Doc. #27) on May 20, 2005.

On March 4, 2005, SmartDisk Corporation (SmartDisk) filed a Complaint against Archos S.A. and Archos, Inc. (collectively Archos) in the Eastern District of Texas, Marshall Division.  The Complaint seeks a declaratory judgment that Archos infringed United States Patent NO. 6,658,202 ("Patent '202"); an injunction against Archos for further acts of infringement; damages resulting from said infringement; and other appropriate relief.  A Motion to Dismiss or in the Alternative to Transfer has been filed by Archos and remains pending before the Eastern District of Texas.

On March 23, 2005, Archos filed a Complaint (Doc. #1) against SmartDisk in the Middle District of Florida, Fort Myers Division. The Complaint alleges that SmartDisk "created a climate of

apprehension leaving Archos S.A. at the mercy of a decision by SmartDisk as to when it might initiate legal action." (Doc. #1, ¶ 10).  Archos seeks a declaratory judgment of non-infringement; a finding that Patent '202 is invalid; and for other relief deemed proper.  A Motion to Dismiss, Transfer or Stay (Doc. #16) has been filed by SmartDisk and remains pending before the undersigned.

Archos now seeks an injunction from this Court enjoining SmartDisk Corporation from prosecuting its case in the Eastern District of Texas.  Plaintiffs rely on Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180 (1952) to support the argument that the undersigned has the authority to enjoin another district court from proceeding on the merits of the first-filed case.  In Kerotest, however, the district court in the second filed suit stayed its proceedings and refused to enjoin the first filed suit.  The decision was affirmed by the Supreme Court.

Under Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403 (5th Cir. 1971),[1] it is clear that absent compelling circumstances any available injunctive relief must be obtained from the court in which the first action was filed - in this case from the Eastern District of Texas. See also Exxon Chem. Patents, Inc. v. Lubrizol

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Corp., 935 F.2d 1263 (Fed. Cir. 1991). The Court finds no compelling circumstances in this case.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiffs' Motion to Enjoin Defendant SmartDisk Corporation (Doc. #20) is **DENIED**.

2. Defendant's Motion to Dismiss, Transfer or Stay (Doc. #16) is **deferred** pending a ruling by the Eastern District of Texas.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of June, 2005.

JOHN E. STEELE
United States District Judge

Copies:
Hon. Judge T. John Ward
U.S. District Judge
E.D. of Texas, Marshall Division

Counsel of record